IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Brian Franklin Evans,                          )        C/A No.  8:16-cv-01112-MBS-JDA
                                               )
                        Plaintiff,             )
                                               )
        v.                                     )        **REPORT AND RECOMMENDATION**
                                               )        **OF MAGISTRATE JUDGE**
                                               )
Michael McCall, Donika Gray, Joette D          )
Scarborough, Larry Cartledge, Christine        )
Long,                                          )
                        Defendants.            )
_____ )

        This matter is before the Court on a motion for preliminary and permanent injunction.

[Doc. 21.]  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule

73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in

cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the

District Court.

        Plaintiff filed a motion for preliminary and permanent injunction on August 17, 2016.

[Doc. 21.]  Defendants filed a response in opposition on September 6, 2016.  [Doc. 25.]

Plaintiff filed a "Declaration in Support" or reply to Defendants' response on September 21,

2016.  [Doc. 28.]  Accordingly, Plaintiff's motion is ripe for review.

## BACKGROUND

        Plaintiff is an inmate incarcerated within the South Carolina Department of

Corrections ("SCDC").[1]  Plaintiff states that as part of his plea agreement, he was to be

_____

[1] When Plaintiff filed the above-captioned § 1983 action in April 2016, he was housed at
Perry Correctional Institution. [Doc. 1 at 2.] Plaintiff filed a change of address in May 2016,
indicating he had been transferred to Lieber Correctional Institution. [Doc. 13.] Plaintiff filed
a subsequent change of address in July 2016, informing the Court that he had been
transferred to Broad River Correctional Institution.  [Doc. 18.]

placed on statewide protective custody ("SWPC"). [Doc. 1 at 4.] Plaintiff alleges that because he is considered a snitch, his life is in danger, and he seeks an injunction placing him in SWPC. [Docs. 21, 28.]

On October 23, 2013, Plaintiff was placed on court ordered SWPC. [Doc. 1-1.] After being released to general population in April 2015 [*id.*], Plaintiff alleges that on July 4, 2015, he was attacked by his roommate and suffered a back injury [Doc. 1 at 6–9]. Based on the July 4, 2015, incident, Plaintiff was convicted of assault and placed on lock up and then security detention status. [*Id.* at 9.]

Plaintiff avers that in June 2016, his roommate tampered with his post-conviction relief materials. [Doc. 21-1.] Plaintiff was subsequently approached during yard by Wali, the head Blood gang leader, and informed that he was to be killed or tortured and killed. [*Id.*] Plaintiff states he slipped the guard a note and was immediately placed in protective custody. [*Id.*] On July 5, 2016, rather than being placed in protective custody, Plaintiff was transferred to Broad River Correctional Institution and placed on lock up. [*Id.*]

Plaintiff asserts that SWPC is necessary because: (1) he has a reputation for being an informant based on his testimony in 2008 that a SCDC officer did not assault another inmate and the information he provided investigators at McCormick Correctional Institution; (2) he has received threats that he will be killed in general population; and (3) he was sexually assaulted by a guard in the 1990s. [Doc. 28 at 3.] Further, Plaintiff avers that he qualifies for SWPC placement pursuant to SCDC Policy 22.23, section five, on the following three grounds: (1) reputation among population, attested to in writing by staff, as an informant or trial witness; (2) verified threats, verbal abuse, or harassment; and (3) reliable confirmed evidence of sexual assault. [*Id.*] Plaintiff states that he has every reason to

2

believe that he faces being killed if a preliminary injunction is not granted.  [Doc. 21 at 2.]

## APPLICABLE LAW

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.  Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

3

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Requirements for a Preliminary Injunction**

Usually, a temporary restraining order or preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit [and] ultimately to preserve the court's ability to render a  meaningful judgment on the merits."  *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003).  However, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation

demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R.R. Co.*, 64 F.R.D. 337 (D. Md. 1974)).  Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Microsoft*, 333 F.3d at 526.

In any event, a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Coucil, Inc.*, 555 U.S. 7, 23 (2008) (citing *Munaf v. Green*, 553 U.S. 674, 689–90 (2008)).  To obtain a preliminary injunction, a plaintiff must show four elements:

1)      he is likely to succeed on the merits,

2)      he will suffer irreparable harm if the preliminary injunction is not granted,

3)      the balance of equities favors him, and

4)      the injunction is in the public interest.

*Id.* at 20; *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009) (explaining how the *Winter* standard for preliminary injunctions is different from the standard previously applied in the Fourth Circuit), *judgment vacated and remanded*, 130 S. Ct. 2371 (2010), *in light of Citizens United v. Fed. Election Comm'n*, 130 S. Ct. 876 (2010).  The plaintiff must establish all four elements to receive injunctive relief. *Winter*, 555 U.S. at 20.

Under *Winter*, the Supreme Court requires "that the plaintiff make a clear showing that [he] will likely succeed on the merits at trial." *Real Truth About Obama*, 575 F.3d at

346 (citing *Winter*, 555 U.S. at 20). Moreover, the party seeking the injunction must make a clear showing that it will likely suffer irreparable harm without an injunction. *Id.* at 347 (citing *Winter*, 555 U.S. at 20). Further, the Supreme Court in *Winter* emphasized the public interest requirement, requiring courts to pay "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'" 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

## DISCUSSION

The undersigned acknowledges that preliminary injunctive relief involving the management of prisons should only be granted under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir.1994). However, based on the record before the Court, the undersigned finds that Plaintiff meets the *Winter* test and preliminary injunctive relief should be granted.[2]

Plaintiff has a history of being placed on SWPC. Most recently, Plaintiff was placed on court-ordered SWPC in October 2013. Plaintiff has submitted a SWPC Review Board Recommendation Memorandum, dated April 13, 2015. [Doc. 1-1.] The memorandum states, in part,

> [Plaintiff] was placed in SWPC on October 23, 2013, due to being court ordered for Statewide PC. His current commitment order requests placement on SWPC.

_____

[2] Plaintiff's present motion addresses only Plaintiff's claims regarding SWPC. Thus, the Court limits its analysis to whether Plaintiff should be granted a preliminary injunction placing him in SWPC and declines to address the other claims raised in Plaintiff's Complaint. Moreover, to the extent Plaintiff seeks a permanent injunction, it is not correctly raised at this procedural posture; thus, the Court addresses only Plaintiff's entitlement to a preliminary injunction.

> The committee recommended unanimously for [Plaintiff] to be released to general population at Perry CI due to court order not sufficient enough to remain in Statewide PC.

[*Id.*]

As stated, Plaintiff was released to general population in April 2015. [*Id.*] Plaintiff states that in July 2015, he was attacked by his roommate and placed on lock-up. Further, Plaintiff avers that in July 2016, he was approached by Wali, the head Blood gang member and was threatened that he would be killed or tortured and killed. [Doc. 21-1.] Although he was immediately transferred to Broad River Correctional Institution, Plaintiff maintains that because he has a reputation as a snitch, he is in imminent danger and his presence is a threat to the security of the institution. [*Id.*]

Defendants admit that although Plaintiff previously qualified for statewide protective custody, he no longer qualifies. [Doc. 25.] Defendants have provided an affidavit from Defendant Joette D. Scarborough, SCDC Division Director of Classification and Records, stating that Plaintiff's custody level is reviewed every thirty days, and if there was any information that would merit consideration for SWPC, that information would be passed along for consideration. [Doc. 25-1.] Defendants have not provided any information regarding why Plaintiff was initially placed in SWPC pursuant to court orders and Defendants have not explained why Plaintiff's court-ordered or court-recommended protective custody is no longer sufficient for Plaintiff to remain on SWPC. Further, Defendants have not provided any specific information regarding Plaintiff's classification reviews to rebut Plaintiff's allegations that placing him in general population places him in imminent danger.

The Fourth Circuit has observed, "[i]t is impossible to minimize the possible consequences to a prisoner of being labelled a 'snitch.'" *Miller v. Leathers*, 913 F.2d 1085, 1088 n.1 (4th Cir. 1990)). It is undisputed that Plaintiff was placed on court-ordered SWPC. Further, it is undisputed that when released to general population in 2015, he was involved in an altercation with his roommate. Plaintiff alleges that in July 2016, his life was threatened, resulting in his transfer to the institution where he is currently housed. Citing SCDC Policy 22.23, Plaintiff alleges he qualifies for SWPC on the following three grounds: (1) reputation among population as an informant or trial witness; (2) verified threats, verbal abuse, or harassment; and (3) evidence of sexual assault. Defendants have not provided any evidence to dispute Plaintiff's particularized allegations. Based on the limited facts before the Court, the undersigned finds that Plaintiff has established he is likely to succeed on the merits and will likely suffer irreparable harm if the preliminary injunction is not granted. The Court recognizes that demonstrating likely irreparable harm is an onerous standard. However, on the evidence presented, the Court finds Plaintiff meets that standard where he was removed from court-ordered SWPC without explanation, alleges qualification for SWPC under policy, alleges danger to his life continues, and was involved in an altercation the last time he was released to general population particularly where Defendants have failed to specifically address any of these issues.

Further, the undersigned finds that Plaintiff can demonstrate that the balance of equities favors him and that an injunction is in the public interest. Plaintiff avers that placing him in general population is a danger to himself and the institution as a whole. As stated above, Defendants have failed to provide sufficient information as to why Plaintiff no longer qualifies for SWPC and the factors considered during the monthly classification reviews to

8

demonstrate that Plaintiff no longer requires the security of SWPC.  Because Plaintiff has a reputation as a snitch, and the last time he was placed in general population resulted in injuries to Plaintiff and others, the Court finds that the balance of equities favors  Plaintiff and is in the public interest.  Accordingly, the undersigned finds that Plaintiff meets the *Winter* test and Plaintiff's motion for preliminary injunction should be granted.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion with respect to his request for a preliminary injunction be GRANTED and DENIED with respect to his request for a permanent injunction.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 29, 2016
Greenville, South Carolina