IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BRIAN FRANKLIN EVANS,              )<br>                                                           )<br>          Plaintiff,                              )<br>                                                           )   Civil Action No.: 8:16-1112-MBS-JDA<br>     v.                                                )<br>                                                           )<br>MICHAEL MCCALL; DONIKIA GRAY; )<br>JOETTE SCARBOROUGH; LARRY      )       **ORDER AND OPINION**<br>CARTLEDGE; CHRISTINE LONG, each in )<br>their individual and official capacities,    )<br>                                                           )<br>          Defendants.                           )<br>                                                           )<br>_____ ) | |

Plaintiff Brian Franklin Evans ("Plaintiff"), a prisoner in custody of the South Carolina Department of Corrections ("SCDC"), is currently housed at the Broad River Correctional Institution in Columbia, South Carolina. Plaintiff is suing under 42 U.S.C. § 1983, alleging that Defendants Michael McCall, Donikia Gray, Joette Scarborough, Larry Cartledge, and Christine Long, each in their individual and official capacities, ("Defendants") have violated his constitutional rights. ECF No. 1 at 4. Plaintiff is serving a thirty year sentence pursuant to a guilty plea for the murder of his estranged wife and an acquaintance in two separate incidents. *See* ECF No. 62-1 at 4. Defendant McCall is the Deputy Director of the SCDC. ECF No. 1 at 2. Defendant Gray is a mental health evaluator for SCDC and was a voting member of the Statewide Protective Custody Review Board ("SWPC Review Board") in 2015 when Plaintiff was removed from Statewide Protective Custody ("SWPC") and placed in the general population. ECF No. 40-7 at 1. Defendant Scarborough is the Division Director of Classification and Inmate Records for SCDC. ECF No. 25-1 at 1. Defendant Cartledge was a Warden with Perry Correctional Institution while Plaintiff was housed at Perry Correctional Institution.

1

Defendant Cartledge also served on the SWPC Review Board at the time of Plaintiff's removal. ECF Nos. 40-4 at 1; ECF No. 1 at 3. Defendant Long is the SCDC SWPC Coordinator. ECF No. 40-5 at 1.

Upon entering SCDC, Plaintiff was placed in SWPC. Plaintiff alleges that Defendants violated his rights pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments by taking him out of and failing to return him to SWPC. Plaintiff requests a preliminary injunction, permanent injunction, compensatory damages, punitive damages, costs, and any additional relief that the court deems proper. ECF No. 1 at 16.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the preliminary injunction and permanent injunction were referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").[1] On September 29, 2016, the Magistrate Judge issued a Report recommending the court grant Plaintiff's motion for a preliminary injunction and deny Plaintiff's motion for a permanent injunction. ECF No. 30 at 9. Defendants filed their objections to the Report on October 17, 2016. ECF No 40. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

---

[1] Plaintiff's motion for summary judgment and Defendants' motion for summary judgment were likewise referred to Judge Austin; however, the court withdrew the referral to best serve judicial economy and efficiency.

Currently before the court are: review of the Report granting Plaintiff's motion for a preliminary injunction and denying Plaintiff's motion for a permanent injunction (ECF No. 21); Plaintiff's motion for summary judgment (ECF No. 46), and Defendants' motion for summary judgment (ECF No. 53). Plaintiff moves for summary judgment on the grounds that Defendants violated his Fourteenth Amendment due process right and Defendants were deliberately indifferent to his Eighth Amendment right against cruel and unusual punishment.[2] Defendants move for summary judgment on the grounds that (1) Plaintiff is not entitled to SWPC as a result of a plea agreement, (2) Plaintiff's constitutional rights have not been violated, (3) Defendants are entitled to qualified immunity, and (4) Plaintiff's property claims do not rise to the level of a constitutional violation and are not actionable under state law. ECF No. 53.

After consideration of the objections, and for the points set forth below, the court declines to adopt the Report, and Plaintiff's motions for preliminary and permanent injunctive relief are denied. Defendants' motion for summary judgment is granted in part and denied in part. Plaintiff's motion for summary judgment is denied.

## I.     STATEMENT OF FACTS

SCDC has various housing units. Based on the inmate's conviction and behavior while incarcerated, he may be placed in one of five housing units: (1) general population, (2) short term detention, (3) disciplinary detention, (4) security detention, or (5) substantiated security risk. *See* SCDC Policy 22.38. Alternatively, in response to threats made by others, an inmate may be placed in (1) a restrictive housing unit, or (2) SWPC. SCDC Policy 22.23. SCDC only has forty-eight beds in SWPC. ECF No. 40-5 at 1. Placement of an inmate in SWPC is entirely at SCDC's

---

[2] As explained below, Plaintiff partially concedes one of his Fourth Amendment claims.

discretion based upon the policies and procedures set forth by the department. *See* SCDC Policy 22.23.[3]

SCDC Policy 22.23 states that an inmate requesting protective custody may be placed in pre-hearing detention with protective concerns ("SP") for up to seven days. SCDC must provide an inmate a review of his request within seven days of the initial placement in SP. During this time, the inmate must meet with the Institutional Protective Custody Committee ("IPCC") to discuss placement in SWPC, and

> [i]f placement in SWPC is recommended , at least one of the following elements must be established by the IPCC in order for the inmate's request to be considered valid: (1) record of having been assaulted, (2) reputation among the population, attested to in writing by staff, as an informant or trial witness, (3) verified threats, verbal abuse, or harassment, (4) former police or criminal justice activity resulting in verified threats, verbal abuse, or harassment, (5) conviction of crime repugnant to the inmate population, or (6) reliable confirmed evidence of sexual assault.

SCDC Policy 22.23 § 5.1. Upon review of the recommendation by the IPCC, the SWPC Board may determine that: (1) the inmate's protective custody concerns are alleviated through transfer to another institution's general population; (2) the inmate should be assigned and transferred to the Restrictive Housing Unit; or (3) the inmate should be assigned and transferred to the SWPC Housing Unit. SCDC Policy 22.23 § 7.1.2. According to the policy, if an inmate is placed in SWPC, his status is reviewed every ninety to one hundred eighty days to determine if the inmate should be released from SWPC and returned to the general population. SCDC Policy 22.23, §§ 12, 13.

The "[SW]PC review committee . . . [merely provides] recommendation[s] and [the SWPC Review Board] [makes] the final determination, given they have more detailed information." ECF No. 62-1 at 20. The SWPC Review Board information generally includes:

---

[3] Plaintiff does not dispute the constitutionality of SCDC's procedures.

4

"history and purpose for protective placement, police services report, everything that was presented at the PC committee review." *Id.* at 21. An inmate is "also asked to provide written and/or verbal statements, explaining his reason for wishing to remain or be released" to the SWPC Review Board. *Id.* at 20. The SWPC Board must unanimously agree that an inmate should be placed in or removed from SWPC.

Plaintiff alleges that he satisfies element number two of SCDC Policy 22.23 § 1, by establishing that he has a reputation among the population as a "snitch" for his assistance to law enforcement. ECF No. 28 at 1-2. Plaintiff further alleges that he satisfies element number three as there has been verified threats, verbal abuse, or harassment against him, such as verbal threats that he will be killed in any general population and could "be got to" even in lockup. ECF No. 28 at 3. Plaintiff also alleges that he meets element number five as there is reliable confirmed evidence of sexual assault because he was sexually assaulted by a corrections officer in the 1990s. ECF No. 28 at 3; ECF No. 1 at 5. Plaintiff further claims that he has a court order ordering placement in SWPC.

In exchange for pleading guilty, Plaintiff requested placement in SWPC. *Id.* at 6; ECF No. 62-1 at 4. The solicitor sent a letter to the Division Director of Classification and Inmate Records at SCDC inquiring if, given Plaintiff's past history and present concerns, "[SCDC] could give any sort of reassurance that" Plaintiff would be assigned to SWPC. ECF No. 62-1 at 4-5. Deputy General Counsel for SCDC responded that although it "cannot guarantee placement in protective custody until an offender is actually in its custody, [Plaintiff] is likely to be placed in protective custody upon his incarceration." ECF No. 58-6. The solicitor recommended SWPC as part of the plea agreement, and the court included the recommendation in the sentencing sheet. ECF No. 40-2 at 2. However, the solicitor states that he informed Plaintiff that the plea

5

agreement would not be binding on SCDC. ECF No. 53-2 at 1. Plaintiff was placed in SWPC when he entered SCDC.

Plaintiff has been in SWPC on numerous occasions. Plaintiff's amount of time in SWPC varies, some stays lasted days while others lasted months. ECF No. 62-1 at 11. Most recently, Plaintiff was in SWPC from October 15, 2013, until April 17, 2015. ECF No. 40-4 at 1. Defendants Gray and Long attended the April 3, 2015, review of Plaintiff's SWPC status. Defendant Gray questioned Plaintiff about his safety concerns at the April 3, 2015, meeting. ECF No. 62-1 at 19. The review classification official recommended Plaintiff remain on SWPC "base[d] on [his] record." ECF No. 46-1 at 2. The reviewer reasoned Plaintiff should stay on SWPC as "no change in the safety that SCDC can [illegible]." ECF No. 62-1 at 18. The recommendation that Plaintiff's remain on SWPC was then given to the SWPC Review Board. On April 13, 2015, the SWPC Review Board recommended Plaintiff "be released to the general population at Perry [Correctional Institution] due to court order not sufficient enough to remain in [SWPC]." The SWPC Review Board consisted of Joette Scarborough, Larry Cartledge, Donikia Gray, and Christine Long. ECF No. 46-1 at 3. Defendant McCall is the Deputy Director, Division of Operations for SCDC. ECF No. 62-1 at 24. The SWPC Review Board submits its recommendation to Defendant McCall for final approval. ECF No. 62-1 at 23-24. Defendant McCall approved the change and Plaintiff was released into the general population on April 17, 2015. ECF No. 62-1 at 11.

After being released into the general population at Perry Correctional Institution, Plaintiff reiterated his safety concerns to Defendant Cartledge. ECF No. 1 at 7. Plaintiff alleges that Defendant Cartledge told Plaintiff "to return to his unit and not create no problems and there wouldn't be any" and did not investigate the matter further. ECF No. 1 at 8. Plaintiff next alleges

6

that he was threatened he would be attacked on July 4, 2015. *Id.* Plaintiff contacted his attorney on June 30, 2015, who responded that "she had [] made contact with SCDC about [his] safety concerns, and her requests to have [Plaintiff] put back on SWPC unit." *Id.* Plaintiff's cellmate threw a television stand at Plaintiff on July, 4, 2015. *Id.* at 8. Plaintiff began hitting his cellmate with the television stand, severely injuring his roommate. ECF No. 58-9 at 1. Plaintiff suffered a back injury as a result. ECF No. 1 at 8. Based on this incident, prison officials placed Plaintiff on short term detention and then moved him to long term security detention status ("SD") after he was convicted of assault of an inmate for the attack. *Id.* at 9. Plaintiff appealed his placement on SD by filing a grievance with SCDC and requested to be returned to SWPC. ECF No. 1 at 9-10. Plaintiff also filed a grievance alleging that prison officials left his prison cell open and permitted Plaintiff's television to be stolen. *Id.*[4]

In October 2015, IPCC at Perry Correctional Institution recommended Plaintiff be placed in SWPC again. However, the SWPC Review Committee unanimously recommended that Plaintiff remain in the general population as SCDC Police Services could not substantiate the threats Plaintiff claimed. ECF No. 62-1 at 23. Plaintiff alleges that no prison investigator ever questioned him about the alleged threats. *Id.* at 21. SCDC transferred Plaintiff from Perry Correctional Institute to Lieber Correctional Institute in May 2016 where he was placed in the general population. ECF No. 21-1 at 1. Plaintiff asserts that his cellmate tampered with his legal documents in June 2016. *Id.* Plaintiff states he is missing a copy of his federal complaint for the present matter and a motion for Post-Conviction Relief filed on his behalf in his criminal matter.

---

[4] Plaintiff alleges that his was missing his television and later filed a grievance for return of his television. Plaintiff claims that Defendants' caused his television to be stolen, in violation of his Fourth Amendment rights. Plaintiff's television has since been returned to him and he concedes his claim. ECF No. 62 at 8.

7

*Id.* These documents corroborate Plaintiff's assistance to law enforcement, confirming his reputation as a "snitch." After the June 2016 incident with his cellmate, Plaintiff claims he was immediately approached in the yard by an individual known as Wali, whom he alleges is the Blood gang leader. Wali allegedly told Plaintiff that he was going to be killed or tortured and killed. *Id*. Plaintiff was able to slip the guard a note about the incident in the yard and was immediately placed in protective custody. *Id*. On July 5, 2016, rather than being placed in SWPC, Plaintiff was transferred to Broad River Correctional Institute and placed in the general population. *Id.* As a result, Plaintiff has filed this lawsuit. Plaintiff has since been put in the Restrictive Housing Unit, separated from the general population. ECF No. 58-3 at 2. Prison officials state that anytime there was a threat to Plaintiff's safety, prison officials investigated and acted to remedy the situation in a manner compliant with their policies. ECF No. 40-4.

## II.     DISCUSSION

### A.  Claims Pursuant to 42 U.S.C. § 1983

Plaintiff brings this matter pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights have been violated by persons acting under the color of state law. Section 1983 provides in part that,

> [e]very person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In order to establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendants "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendants "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*,

8

249 F.3d 301, 310 (4th Cir. 2001) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970)) (internal quotation marks omitted). The second element is met when "the deprivation [is] caused by the exercise of some right or privilege created by the State . . . or by a person for whom the state is responsible . . . ." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). "[S]tate employment is generally sufficient to render the defendant a state actor," as the employee is a "person for whom the state is responsible." *Id.* Here, Defendants are prison officials employed by the State of South Carolina; therefore, there is state action.

### B. Summary Judgment

#### 1. Legal Standard

The court shall grant summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The judge does not weigh evidence but determines if there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating an absence of genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must affirmatively demonstrate that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court should grant summary judgment if a party fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. However, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion*." U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

2. Analysis

Defendants argue that Plaintiff does not demonstrate a genuine issue of material fact that he has a constitutional right to his custody status; therefore, they are entitled to summary judgment as a matter of law.

a. *Fourteenth Amendment Claims*[5]

Plaintiff claims he has a liberty or property interest in the security status that was provided for in the plea agreement and such a right was taken without due process. *See* ECF No. 1 at 15. Under the Fourteenth Amendment no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court held that

> [t]he initial decision to assign the [inmate] to a particular institution is not subject to audit under the Due Process clause, although the degree of confinement in one prison may be quite different from that of another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

*Meachum v. Fano*, 427 U.S. 215, 224 (1976) (emphasis in original). "[T]he federal constitution vests no liberty interest in inmates retaining or receiving any particular security status as long as the challenged conditions or degree of confinement are within the sentence imposed and are not otherwise violative of the Constitution." *Brown v. Evatt*, 470 S.E.2d 848, 851 (S.C. 1996) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)); *Slezak v. Evatt*, 21 F.3d 590 (4th Cir. 1994)). Further, the constitution does not vest any property interest in his custodial classification. *See Moody v.*

---

[5] The Fifth Amendment only applies to claims that the federal government deprived an individual of due process. As Plaintiff is incarcerated in state prison, the Fifth Amendment is not applicable and his due process claims will be analyzed solely under the Fourteenth Amendment. Defendant's motion for summary judgment is granted on Plaintiff's Fifth Amendment claim.

*Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988); *Witherspoon v. Berry*, No. 9:13-2942, 2015 WL 1790222, at *5 (D.S.C. Apr. 15, 2015). In *Slezak*, the Fourth Circuit Court of Appeals found that "no constitutionally protected liberty interest is thereby created if under the regime either the primary decisionmaker or any reviewing authority is authorized to override as a matter of discretion, any classification suggested by application of the prescribed substantive criteria." 21 F.3d at 595.

SWPC "is not intended as a permanent classification for an inmate's entire sentence and is only utilized so long as there is valid threat or safety issue requiring SWPC." ECF No. 40-5 at 1; *see also Durdick v. Byars*, No. 11-2979, 2012 WL 5306263, at *4 (D.S.C Sept. 28, 2012) (stating that statewide protective custody is not to become a housing assignment), *report and recommendation adopted*, No. 11-2979, 2012 WL 5305352 (D.S.C. Oct. 26, 2012). Here, the SWPC Board unanimously agreed to remove Plaintiff from SWPC in April 2015 after the committee determined that there were no verified threats to his life and he had adjusted to prison. ECF No. 40-4 at 1. Plaintiff fails to demonstrate a genuine issue of material fact that he has a Fourteenth Amendment right to placement in SWPC.

Plaintiff argues that the state court's referral to SWPC creates a liberty or property interest. In *United States v. Lewis*, the Fourth Circuit Court of Appeals determined that a "plea agreement is essentially a contract between the accused and the government" and as such, like in any contract, "each party should receive the benefit of its bargain." 633 F.3d 262, 269 (4th Cir. 2011). SCDC was not a party to the plea agreement. SCDC did not receive any benefits of the bargain; therefore SCDC is not bound by either the plea agreement or the subsequent court order. ECF Nos. 40-1 at 1, 40-4 at 1. The existence of a plea agreement does not modify the court's finding that Plaintiff does not have a liberty or property interest in being placed in SWPC. The

11

government performed its part of the contract by recommending Plaintiff be placed in SWPC, as demonstrated by Plaintiff's initial placement in SWPC. Additionally, the solicitor informed Plaintiff that the plea agreement was not binding on SCDC. ECF No. 53-2 at 1. Accordingly, Plaintiff's security status is not subject to review under the Fourteenth Amendment. Defendant's motion for summary judgment on Plaintiff's Fourteenth Amendment claims is granted.

### b. Eighth Amendment Claim

Plaintiff argues that SCDC officials violated his Eighth Amendment rights by placing him in the general population despite threats to his safety. ECF No. 1 at 11, 13.The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VII. This proscription includes "more than physically barbarous punishments," *Estelle v. Gambel*, 429 U.S. 97, 102 (1976), and extends to include "the treatment a prisoner receives in prison and the conditions under which he is confined," *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Under the broad scope of the Eighth Amendment, prison officials have a duty to protect prisoners from violence stemming from other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

For a prison official to violate the Eighth Amendment, it is not sufficient to demonstrate another prisoner caused an injury. Prison officials must have a sufficiently culpable state of mind, *i.e.*, deliberate indifference. *Id.* at 834. Liability for deliberate indifference requires "the official [to] be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The Court further stated that the standard for determining deliberate indifference is "subjective recklessness." *Id.* at 838.

The Fourth Circuit in *Odom v. South Carolina Department of Corrections*, held that "a prison official acts with deliberate indifference when he ignores repeated requests from a vulnerable inmate to be separated from a fellow inmate." 349 F.3d 765, 773 (4th Cir. 2003).

"[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they respond reasonably to the risk, even if the harm is not averted." *Farmer*, 511 U.S. at 844. Accordingly, prison officials may only be held liable if they know that an inmate faces a substantial risk of serious harm and fail to take reasonable actions to abate the threat of harm. Plaintiff alleges that prison officials knew about the threats against his life and the violence he suffered from his cellmate and a prior prison guard. ECF No. 1 at 11. The court will consider whether Plaintiff has shown a genuine issue of material fact as to each individual Defendant.

### i.     Defendant McCall

There is no evidence that Defendant McCall had any personal knowledge of Plaintiff's safety concerns or the events causing his concern. Defendant McCall has a duty to review the entire record to either accept or reject Plaintiff's request to remain in SWPC. Based on the information provided to Defendant McCall, Plaintiff has not shown a genuine issue of material fact that Defendant McCall was deliberately indifferent.

### ii.     Defendant Gray

The court finds that the change in Defendant Gray's opinion, though within a short period of time, was based on additional information. Plaintiff fails to demonstrate there is a genuine issue of material fact that Defendant Gray was deliberately indifferent to Plaintiff's safety.

### iii.     Defendant Scarborough

Defendant Scarborough was a member of the SWPC Review Board on April 8, 2015, and October 14, 2015. ECF No. 62-1 at 23-24. For the same reasons as Defendant McCall, Plaintiff fails to show that Defendant Scarborough was deliberately indifferent.

iv.  Defendant Cartledge

Defendant Cartledge acted reasonably based on the information provided by Plaintiff. While Defendant Cartledge did not place Plaintiff in SWPC, Defendant Cartledge investigated the threats promptly and modified Plaintiff's security status by transferring Plaintiff to two other prisons and placing Plaintiff is the Restrictive Housing Unit to address Plaintiff's concerns about his safety. Based on the information before Defendant Cartledge, the court finds that Defendant Cartledge responded reasonably to Plaintiff's safety concerns. The court finds there is no genuine issue of material fact whether Defendant Cartledge was deliberately indifferent to Plaintiff's safety.

v.  Defendant Long

Defendant Long is not a voting member of the SWPC Review Board. Id. at 14. As Defendant Long recommended Plaintiff remain on SWPC and is not a voting member of the SWPC Review Board, Plaintiff has not shown that there is genuine issue of material fact that Defendant Long was deliberately indifferent.

Accordingly, there is no genuine issue of material fact that Defendants were not deliberately indifferent to Plaintiff's safety. Therefore, the court grants Defendants' motion for summary judgment on Plaintiff's Eighth Amendment claims.

c.  *Fourth Amendment Claim*

Plaintiff argues that Defendants seized him by removing him from SWPC, in violation of his Fourth Amendment rights. ECF No. 1 at 14. The Fourth Amendment protects against "unreasonable searches and seizures," unless warranted by "probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment is limited when an individual is incarcerated. "Lawful

14

incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In this case, the SWPC Board determined that Plaintiff no longer needed to be placed in SWPC as they could not substantiate the threats. Further, there is limited space in SWPC. The "seizure" was reasonably related to the penological interest of placing the inmate in the correct custody status and controlling the ability to place other inmates in SWPC, as needed. There is no genuine issue of material fact and Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claims.[6] The court grants Defendants' motion for summary judgment on Plaintiff's Fourth Amendment claims.

### III. CONCLUSION

After reviewing the entire record, the applicable law, the findings of the Magistrate Judge, and Defendant's objections, the court **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment. The court **DENIES AS MOOT** Plaintiff's motion for a mandatory preliminary injunction. The court **DENIES AS MOOT** Plaintiff's motion for a permanent injunction.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Court Judge

March 30, 2017
Columbia, South Carolina

---

[6] As the court grants Defendants' motion for summary judgment, the court declines to address whether Defendants are entitled to qualified immunity.