# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| BRIAN FRANKLIN EVANS, | ) |
| Plaintiff, | ) Civil Action No.: 8:16-1112-MBS-JDA |
| v. | ) **ORDER AND OPINION** |
| MICHAEL MCALL; DONIKIA GRAY; JOETTE SCARBOROUGH; LARRY CARTLEDGE; CHRISTINE LONG, each in their individual and official capacity, | ) |
| Defendants. | ) |

Plaintiff Brian Franklin Evans ("Plaintiff"), a prisoner in custody of the South Carolina Department of Corrections ("SCDC"), is currently housed at the Broad River Correctional Institution in Columbia, South Carolina. On April 8, 2016, Plaintiff sued under 42 U.S.C. § 1983, alleging that Defendants Michael McCall, Donikia Gray, Joette Scarborough, Larry Cartledge, and Christine Long, each in their individual and official capacities ("Defendants"), violated his constitutional rights during his time in custody of SCDC. ECF No. 1 at 4. As pertinent to this order, Defendant Cartledge was a warden with Perry Correctional Institution while Plaintiff was housed at Perry Correctional Institution. Defendant Cartledge also served on the Statewide Protective Custody ("SWPC") Review Board at the time of Plaintiff's removal from SWPC. ECF Nos. 40-4 at 1; ECF No. 1 at 3.

Plaintiff is serving a thirty year sentence pursuant to a guilty plea for the murder of his estranged wife and an acquaintance in two separate incidents. *See* ECF No. 62-1 at 4. In

1

exchange for pleading guilty, Plaintiff requested placement in SWPC[1] (ECF No. 1 at 6) because he believed he had a reputation among the population as a "snitch" due to his prior assistance to law enforcement (ECF No. 28 at 1-2). Plaintiff alleged that he had been threatened that he would be killed if placed in general population. *Id.* at 2-3. Upon entering SCDC in October 2013, Plaintiff was placed in SWPC. ECF No. 1 at 4. Plaintiff was returned to the general population in April 2015. Plaintiff alleges that after his return to general population he spoke to Defendant Cartledge about concerns he had for his safety. *Id.* at 1. Defendant Cartledge allegedly told Plaintiff to "return to his unit and not create no problems and there wouldn't be any." ECF Nos. 1 at 8, 73 at 1.

In his complaint, Plaintiff alleged that Defendants violated his rights pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments by taking him out of, and failing to return him to, SWPC. *Id*. at 6. Plaintiff is currently housed in the Restrictive Housing Unit, which is separated from the general population. ECF No. 58-3 at 2. Plaintiff requested a preliminary injunction, permanent injunction, compensatory damages, punitive damages, costs, and any additional relief that the court deemed proper. ECF No. 1 at 16.

On August 8, 2016, Plaintiff filed a motion seeking both a preliminary and permanent injunction placing him back into SWPC. ECF No. 21. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)92)(d), D.S.C., the preliminary and permanent injunction and cross motions for summary judgment were referred to Magistrate Judge Jacquelyn D. Austin. The Magistrate Judge issued a Report and Recommendation on September 29, 2016, recommending that Plaintiff's motion for preliminary injunction be granted. ECF No. 30. Plaintiff filed a motion

---

[1] The placement of an inmate in SWPC is entirely at the discretion of the South Carolina Department of Corrections based upon the policies and procedures set forth by the department. *See* ECF No. 68 at 3-5 (explaining in detail the various housing units and policies in SCDC).

for summary judgment on October 19, 2016. ECF No. 46. Defendants filed a motion for summary judgment on October 31, 2016. ECF No. 53.[2]

On March 31, 2017, after considering the motions of each party, as well as the Magistrate Judge's Report and Recommendation regarding the preliminary injunction, the court granted summary judgment in favor of Defendants. The court found there was no genuine issue of material fact that Plaintiff does not have a Fourteenth Amendment right in his custody status.[3] ECF No. 68 at 10-12. Further, the court found no genuine issue of material fact that Plaintiff's limited Fourth Amendment rights were not violated. *Id.* at 14-15. Lastly, the court determined that Plaintiff failed to demonstrate a genuine issue of material fact that any of Defendants violated his Eighth Amendment rights by being deliberately indifferent to Plaintiff's safety. ECF No. 68 at 13-14. The court noted that Plaintiff's safety concerns were taken into consideration and he was placed in the Restrictive Housing Unit. The court denied Plaintiff's motion for preliminary and permanent injunctions as moot. *Id.* at 15.

On April 24, 2017, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 73. Although Rule 59(e) addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, *Federal Practice and Procedure* § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are considered extraordinary remedies and are not a matter of routine practice. *McCall v. Williams*, 59 F. Supp. 2d 556, 558 (D.S.C. 1999). Several courts have observed that

---

[2] These motions were also referred to the Magistrate Judge; however, the court withdrew the referral to best serve judicial economy and efficiency.
[3] Plaintiff also alleged violation of his Fifth Amendment rights; however, Plaintiff is housed in state, not federal, prison; therefore, the Fifth Amendment does not apply.

motions for reconsideration are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local ruLes of the district court. *See*, *e.g.*, *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment.").

Motions for reconsideration are inappropriate to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. *Pac. Ins. Co.*, 148 F.3d at 403. The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or to prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a 59(e) motion. *Id.* (citing *Atkins v. Marathon Le Tourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

The gravamen of Plaintiff's Rule 59(e) motion is that there is a genuine issue of material fact as to whether Defendant Cartledge violated Plaintiff's Eighth Amendment rights. Plaintiff's motion does not dispute the court's rulings as to his allegations of Fourth, Fifth, and Fourteenth Amendment violations as to any of the defendants, nor is Plaintiff disputing the court's rulings as to the allegations of Eighth Amendment violations by Defendants McCall, Gray, Scarborough, or Long. Plaintiff's Rule 59(e) motion argues that the court erred in determining Defendant Cartledge did not treat Plaintiff with deliberate indifference after removing Plaintiff from SWPC. ECF No. 73. Plaintiff's motion focuses on the specific interaction between Plaintiff and Defendant Cartledge. *Id.* Plaintiff alleges that Defendant Cartledge's order to go back to his cell, despite Plaintiff's reputation as a "snitch" and Plaintiff's stated safety concerns, demonstrates a

4

genuine issue of material fact as to whether Defendant Cartledge acted with deliberate indifference. ECF No. 73 at 1-2.

As the court previously noted, Defendant Cartledge, along with the rest of the SWPC Review Board, had heard all of Plaintiff's safety concerns and found them not credible. Plaintiff provides no new evidence of Defendant Cartledge's alleged deliberate indifference. Upon review of the record, the court did not err in determining that there was no genuine issue of material fact as to whether Defendant Cartledge was deliberately indifferent to Plaintiff's safety concerns.

Plaintiff next alleges that he was not interviewed by Police Services before being removed from SWPC, which demonstrates a genuine issue of material fact as to whether the SWPC Review Board followed proper procedures before releasing Plaintiff to the general population. ECF No. 73 at 3. However, Rule 59(e) motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory the party had the ability to discuss in the first instance." *Reaves v. City of Mullins*, No. 07-3559, 2009 WL 4919503, at *1 (D.S.C. Dec. 11, 2009). The court notes that Plaintiff attached a set of interrogatories submitted to Defendant Gray to Plaintiff's response in opposition of Defendants' motion for summary judgment. ECF No. 62-1 at 19-22. As part of a question, Plaintiff claimed he never spoke to Investigator Long with Police Services. *See* ECF No. 62-1 at 21. However, Plaintiff did not argue until his Rule 59(e) motion that he had never spoken to any Police Services investigator "about anything," thereby demonstrating Defendants did not follow proper procedures. ECF No. 73 at 3. The court finds Plaintiff's comments in the interrogatories attached as exhibits do not rise to the level of an allegation about failure to follow proper procedures. Plaintiff may not argue that the SWPC Review Board did not follow proper procedures for the first time in a Rule 59(e) motion.

5

Plaintiff's 59(e) motion merely sets forth Plaintiff's disagreement with the court's ruling granting summary judgment to Defendants and denying his motions for preliminary and permanent injunctions as moot. Plaintiff does not allege a change in controlling law or present new evidence. To the extent Plaintiff contends the court should revise its conclusions to correct a clear error of law or prevent manifest injustice, the court finds no grounds in the record to support his assertions.

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

                                                s/ Margaret B. Seymour
                                                Honorable Margaret B. Seymour
                                                Senior United States District Judge

Columbia, South Carolina
June 1, 2017